Oh, there's Mr. Lundstedt. You hadn't signed in yet. Proceed, Mr. Lundstedt. Mr. Lundstedt, the floor is yours. Mr. Lundstedt, can you hear me? I don't know what to tell you. Can you hear us? Use your hand. If you can hear us, put your thumb up. He says he can't. Okay. Mr. Lundstedt, can you hear me? I apologize, judges. Mr. Lundstedt just connected to Zoom now. We couldn't test with him. Oh, he's putting in ears. Now can you hear us, Mr. Lundstedt? It seems he can't hear us. We can take his papers on submission. Mr. Lundstedt, we're going to take your papers on submission. We're going to take this case on submission. I thank counsel for Deutsche Bank and JP Morgan Chase. You're both here. Thank you. Thank you for coming. But we're going to take this case on submission. Thank you, Mr. Lundstedt. That will conclude your hearing. Maria, would you? I apologize. He could hear you now, Judge, just to let you know. I'm sorry. Okay. Mr. Lundstedt? Yes, Your Honor. Thank you. I'm sorry. I'm late. Go on. You may proceed. Okay. Thank you. Let's see now. I thought it was. You should know that we've read your papers. Yes. Thank you very much. And I. Okay, here we go. Okay, Your Honors. Thank you for listening to my grievances and may it please the court. Please note that I'm a pro se, as a pro se appellant impaired on drugs that the jury saw. I'm entitled to a liberal reading and interpretation of my pleadings. You were represented by counsel at trial, weren't you? No. Yes, I was, Your Honor. Proceed. U.S. Supreme Court Haynes v. Kerner, pro se pleadings should be held to less stringent standards than those drafted by attorneys. However, inorderfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers. And that's, let's see, Estelle v. Gamble. And the court errs if court dismisses a pro se litigant without instruction on how pleadings are deficient and how to repair those pleadings. U.S. Supreme Court Klansky v. CIA. This case is about the injuries and damages sustained by the plaintiff appellant, Peter Lovestead, caused by the duration of the totality of inflictions of emotional, physical, and financial distresses imposed upon the appellant by the totality of the defendant, Deutsche Bank, Chase, and SBS, now going on for 12 years under a continued course of conduct due to never telling the Connecticut court that they sued appellant by using a canceled note. They sued me in state court with knowingly on a canceled note and try to conceal the modified material, modified note. And had they, the point is here is had they done the right thing back in 2008, we would have worked this out either way in court. If the judge had proper papers. And so that didn't happen. And what they did was they kept delaying and delaying and delaying. And I was on a learning curve. And by the way, the judge was on a learning curve. I was one of his first cases. And the pro bono attorney was, in fact, the judge's student, his favorite student, by the way, and which may or may not mean anything, but he was also on a learning curve. He became a lawyer at the same time the judge did. So, I would have said, I would say anything. They've given me a loan that I could afford. Seeing that both loans were defective and prohibited, even if it was a couple of years after 2008. But after that, I could not recover. I believe that failure to grant these requests under these circumstances would be tantamount to the court donating the continued abuse of treatment by the defendant. That's Myers versus Central Florida, Circuit 11, 2010. The appeal is about, one, an improvident dismissal of defendants, Deutsche Bank and SPS. Two, an improvident FDCPA dismissal. Three, an empty right side of the appellant's trial exhibit list at Docket 351, meaning near total lack of even one of plaintiff appellant's documents over hundreds did not even go on, did not even be exhibited at the trial. Four, improvident jury instructions, improvident meaning under Black's Law Dictionary, a judgment decree, rule, injunction, etc. When given or rendered without adequate consideration by the court or without proper information as to all the circumstances affecting it, or based upon a mistaken assumption or misleading information or advice, it's sometimes said to be improvidently given or issued. The case is about improvident review of appellant's post-judgment Rule 60 motion, which as to the Connecticut state judgment made on an invalid canceled note. The judgment in the state court was made on the note that they sued on and presented to the state court, which is the canceled note, the original note. So, in other words, the note came over, the note was assigned, Wamuu was going bankrupt, and the note came over so it could avoid the bankruptcy, and Wamuu assigned it for a dollar to Deutsche Bank. Deutsche Bank owns everything here. Chase and SBS are just the servicers. And so they owned it. Several weeks later, they created their own Deutsche Bank issued note and security instrument installment loan contract. And then Chase took over as servicer when Wamuu went bankrupt. And they had mentioned this note in the first meeting on the phone, but they started their phoning and suing on the wrong note harassment. Someone said your time has expired. You've reserved one minute for rebuttal. Would you like to use it now or hold it? Okay, I guess I'll use it now. Okay. Unanswered plaintiff objections and motions by the court. It should have been given to another judge. Another issue is that the judge improvidently dismissed the appellant's first cause of action, Docket 88 breach of contract. In fact, the judge dismissed the original canceled 2006 Wamuu issued note, not the 2008 modified note, which fell within a six-year statute of limitations. There is another case here. Well, the Court of Appeals for the Ninth Circuit has found that testimony alone can be sufficient to establish emotional distress damages, Zhang versus American Seafood. Your time has now expired. Okay. Let's hear from the appellees. First, J.P. Morgan. Good morning, Your Honors. Attorney Brian Ritt representing the appellee, J.P. Morgan Chase. May it please the court. Your Honors, I will be brief in my comments. Mr. Lundstedt's appeal fails to present any arguable basis in law or in fact to overturn the jury's verdict in this case or to overturn the district court's rulings, either with regard to the district court's decisions regarding the motion to dismiss or the motion for summary judgment. Mr. Lundstedt's appeal fails to present any evidentiary error or other type of error sufficient to interfere with the jury's verdict in any way, and he fails to present any legal basis to revisit the district court's rulings dismissing a portion of Mr. Lundstedt's claims under his third amended complaint and granting summary judgment as to the remainder of the claims. And with that, I would otherwise, unless the court has questions, rely on the submissions presented. And I thank the court for its time. I have no questions. Judge Sullivan, Judge Park, no questions. Now we'll hear from Deutsche Bank. No, thank you. Good morning. May it please the court. My name is Pierre Kolakowski, and I represent the defense appellants, Deutsche Bank National Trust and Select Portfolio. I too will be brief in my comments on the operative third amended complaint alleged that certain unspecified defendants made misstatements regarding credit applications and also made hundreds, if not thousands of telephone calls, collection calls. The district court dismissed those claims as against Deutsche Bank and SPS by virtue of the fact that they were time barred and that the plaintiff conceded that neither Deutsche Bank nor SPS were responsible for those calls, as well as the fact that there was no private right of action for a BSA claim or this particular FIREA claim. Plaintiff's argument on appeal relates and goes to this canceled note theory, which was not part of the third amended complaint and was not briefed before the dismissal of the claim. The issues that were addressed in the district court's decision, statute of limitations and the FIREA and the other federal claims were not raised or discussed in plaintiff's brief and thus have been abandoned. Even if the canceled note theory was raised in the complaint, it would have been subject to dismissal under both Rooker-Feldman as well as race judicata. The district court properly dismissed these claims as against Select Portfolio and Deutsche Bank. And unless the panel has any questions, we rest upon our submissions. Judge Sullivan, do you have any questions? I do not. No, thank you. Judge Park? No, thank you. Well, that concludes our hearing. We will reserve decision. Thank you all. And I will ask the clerk to move the panel. Thank you. Thank you.